1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS A. MOORE,

                    Plaintiff,

   v.

CAROLYN W. COLVIN, Commissioner of
Social Security, [1]

                 Defendant.

Case No. 3:12-cv-05767-KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff has brought this matter for judicial review of defendant's denial of his

application for supplemental security income ("SSI") benefits.  Pursuant to 28 U.S.C. § 636(c),

Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have

this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs and

the remaining record, the Court hereby finds that for the reasons set forth below defendant's

decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

      On January 16, 2007, plaintiff filed an application for SSI benefits, alleging disability as

of February 10, 2003, due to depression, asthma, lung problems, and chemical dependency. See

Administrative Record ("AR") 23, 204.  That application was denied upon initial administrative

review on April 25, 2008, and on reconsideration on October 9, 2008. See AR 23.  A hearing

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for
Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the
docket accordingly.**

ORDER - 1

was held before an administrative law judge ("ALJ") on April 14, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 45-81.

In a decision dated May 24, 2010, the ALJ determined plaintiff to be not disabled. See AR 23-36.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 13, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 416.1481.  On September 6, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #4.  The administrative record was filed with the Court on November 16, 2012. See ECF #11.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits, because the ALJ erred in evaluating the medical opinion evidence from Bruce A. Eather, Ph.D., John Arnold, Ph.D., and Scot N. Gibson, Ph.D.  For the reasons set forth below, however, the Court disagrees that the ALJ so erred, and therefore finds that defendant's decision to deny benefits should be affirmed.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.")

ORDER - 2

1   (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

2       Substantial evidence is "such relevant evidence as a reasonable mind might accept as

3   adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

4   omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

5   supported by inferences reasonably drawn from the record.").  "The substantial evidence test

6   requires that the reviewing court determine" whether the Commissioner's decision is "supported

7   by more than a scintilla of evidence, although less than a preponderance of the evidence is

8   required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

9   admits of more than one rational interpretation," the Commissioner's decision must be upheld.

10  <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

11  sufficient to support either outcome, we must affirm the decision actually made.") (quoting

12  <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

13      The ALJ is responsible for determining credibility and resolving ambiguities and

14  conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998).

15  Where the medical evidence in the record is not conclusive, "questions of credibility and

16  resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639,

17  642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v.</u>

18  <u>Commissioner of the Social Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999).  Determining

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2dat 1119 n.10.

ORDER - 3

whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v.

ORDER - 4

1   Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v.

2   Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

3   2001).   An examining physician's opinion is "entitled to greater weight than the opinion of a

4   nonexamining physician." Lester, 81 F.3d at 830-31.   A non-examining physician's opinion may

5   constitute substantial evidence if "it is consistent with other independent evidence in the record."

6   Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

7

8        As noted above, plaintiff takes issue with the ALJ's evaluation of the medical opinion

9   evidence from evaluating psychologist Dr. Eather.   In regard to that evidence, the ALJ found:

10          The record contains several [state agency] psychological assessments from
            consulting psychologist Bruce Eather[,] Ph.D.  In November of 2005, he
11          opined no to moderate cognitive limitations and no to marked social
            limitations ([record exhibit] 20F30).  In May of 2006, he opined no to marked
12          cognitive limitations and mild to marked social limitations (20F21).  In
            December of 2006, he opined mild to marked cognitive limitations and mild
13          to marked social limitations (20F12).  In February of 2008, he opined no to
            marked cognitive limitations and mild to marked social limitations (20F3).
14          Finally, in February 2009, he opined no to marked cognitive limitations and
            mild to marked social limitations (32F4).  All of these assessments were based
15          on the claimant's report that his substance dependence was in early full
            remission or sustained full remission when, as noted above, the record
16          documents no clear period of sobriety.  At [the] hearing the claimant testified
            that he last used substances in September of 2009.  Dr. Eather's conclusions
17          also are inconsistent with the medical record as a whole, which shows
            relatively intact daily activities.  For these reasons, the undersigned gives Dr.
18          Eather's opinions little weight.

19
20   AR 33.  Plaintiff argues the ALJ's statement that Dr' Eather's conclusions are "inconsistent with

21   the medical record as a whole" is insufficiently specific.  The undersigned agrees as the ALJ did

22   not give any indication as to exactly what in the medical record she considered here.  See Embrey

23   v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).[3]  While the ALJ's decision does contain a fairly

24

25   _____

26   [3] As the Ninth Circuit explained:

            To say that medical opinions are not supported by sufficient objective findings or are contrary
            to the preponderant conclusions mandated by the objective findings does not achieve the level

detailed summary of the medical evidence in the record, that summary itself makes clear that the record is not uniformly consistent concerning the nature and severity of plaintiff's symptoms and limitations, and the ALJ does not state which portion or portions thereof she relied to reject Dr. Eather's conclusions. See AR 28-34. Without such a discussion, the Court cannot determine if the ALJ properly weighed that evidence in finding as she did.

The Court also agrees with plaintiff that the ALJ erred in discounting the conclusions of Dr. Eather based on her "relatively intact activities." The ALJ properly may reject the opinion of a medical source if that opinion conflicts with evidence in the record of the claimant's activities. See Morgan, 169 F.3d at 601-02 (upholding ALJ's rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that claimant's reported activities of daily living contradicted that conclusion). First, again as noted by plaintiff, the ALJ did not state what specific activities she relied on to reject Dr. Eather's conclusions. In addition, the evidence in the record does not necessarily show plaintiff has engaged in activities in a manner or to an extent indicative of an ability to function at a level greater than that found by Dr. Eather, at least from a mental standpoint. See AR 55-56, 70-74, 211-15, 218, 228-33, 276-81, 293-98, 308, 319, 323, 404, 461, 538, 575.

That being said, the Court finds the ALJ properly discounted Dr. Eather's conclusions for the reason that while they "were based on [plaintiff's] report that his substance dependence was in early full remission or sustained full remission when . . . the record documents no clear period of sobriety." AR 33. As the ALJ noted earlier in her decision, plaintiff has not been consistent in reporting his substance abuse:

---

of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. . . .

Id.

ORDER - 6

. . . At consultative psychological examination in September of 2007, he reported that he had been clean of all drugs for 3 years (12F3); however, at mental health treatment intake in August of 2007, he reported that he had used cocaine, marijuana, and alcohol in the past year (10F8). At consultative psychological examination in October of 2006, the claimant reported he had not used drugs in 2 years, but treatment notes from September of 2005 reflect report [sic] of smoking marijuana and cocaine (4F5; see also 2F15, 23, 42). At [the] hearing the claimant testified that he has been clean since September of 2009.

AR 29. Given that as noted by the ALJ above Dr. Eather's most recent opinion was provided in February 2009, it was not unreasonable for her to find the record fails to establish any definitive period of sobriety during the period in which Dr. Eather evaluated plaintiff. As such, it also was not unreasonable for the ALJ to find Dr. Eather reliance on plaintiff's self-reported sobriety called into question the credibility of his conclusions. Indeed, plaintiff has not challenged this stated basis for rejecting those conclusions.[4]

As for the evaluation of the opinion of Dr. Arnold that plaintiff also challenges, the ALJ found in relevant part:

. . . [State agency] consulting psychologist John Arnold[,] Ph.D.[,] examined the claimant in January of 2010. One exhibit seems to be missing pages, and one is a poor copy. However, interpretation of the claimant's performance on [psychological testing] appears to show that one of the claimant's . . . scores was extremely elevated, indicating that he may be over-reporting psychopathology and making his profile uninterpretable (34F7). Dr. Arnold opined mild to marked cognitive limitations and moderate to marked social limitations, apparently in the absence of substance use (See bottom of page at 35F3; 34F5). However, his opinion is undermined by the evidence of a possible invalid profile on the [psychological testing]. His opinion also is not fully supported by his clinical findings, which showed the claimant to be appropriately dressed and cooperative, with full eye contact, unremarkable

---

[4] This failure to challenge the ALJ's properly stated reason for rejecting Dr. Eather's conclusions alone constitutes an appropriate basis for finding against plaintiff here. See Carmickle v. Commissioner of Social Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to district court's order was waived); Kim v. Kang, 154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in opening brief ordinarily will not be considered). Plaintiff does challenge the ALJ's rejection of *Dr. Arnold's* conclusions on this basis (see ECF #15, p. 12), but as discussed below that is not a reason the ALJ actually gave for rejecting them.

ORDER - 7

psychomotor activity, and flexible judgment and problem-solving (34F, 35F).
Finally, his opinion is inconsistent with the medical record as a whole, which
shows relatively intact daily activities.  The undersigned accordingly gives Dr.
Arnold's opinion regarding the claimant's functional limitations little weight.

AR 33-34.  For the same reasons discussed above in regard to Dr. Eather's conclusions, the

Court agrees with plaintiff that the ALJ erred in rejecting Dr. Arnold's opinion on the basis that

it was inconsistent with the medical record and plaintiff's daily activities.  The Court also agrees

that given that Dr. Arnold himself was aware of the invalid testing profile and yet still assessed

the limitations that he did, the ALJ erred in rejecting Dr. Arnold's opinion on this basis as well.

See Gonzalez Perez v. Secretary of Health and Human Services, 812 F.2d 747, 749 (1st Cir.

1987) (ALJ may not substitute own lay opinion for that of physician); see also McBrayer v.

Secretary of Health and Human Services, 712 F.2d 795, 799 (2nd Cir. 1983) ; Gober v. Mathews,

574 F.2d 772, 777 (3rd Cir. 1978).

Once again, though, the ALJ did provide a legitimate basis for rejecting the opinion of

Dr. Arnold.  That is, the ALJ noted the unremarkable mental status examination results included

in the opinion. See Batson, 359 F.3d at 1195 (ALJ need not accept opinion of physician if it is

inadequately supported by clinical findings).  As with the ALJ's rejection of the conclusions of

Dr. Eather on the basis of a lack of any clear period of sobriety, furthermore, plaintiff here too

has not specifically challenged this basis for rejecting Dr. Arnold's opinion. See Carmickle, 533

F.3d at 1161 n.2; Paladin Associates, 328 F.3d at 1164; Kim, 154 F.3d at 1000.  Accordingly, the

ALJ properly rejected that opinion as well.

Finally, with respect to the opinion of Dr. Gibson, the ALJ found in relevant part:

Consulting psychiatrist Scot Gibson[,] MD[,] examined the claimant in
September of 2007, and gave the following functional assessment (12F):

The claimant had a fairly poor ability to concentrate throughout the
interview.  If pushed on certain cognitive tests, he became irritable and

ORDER - 8

refused to complete them.  This speaks to his persistence.  His pacing was
somewhat uneven.  The claimant probably has a limited ability to perform
simple and repetitive tasks given his psychosis and severe depressive
symptoms.  He is quite impaired in his ability to perform detailed and
complex tasks.  His ability to withstand the stresses of a workplace and to
accept instructions form supervisors is very limited.

Dr. Gibson based his opinion in part on the claimant's erroneous report that he
had not abused substances for 3 years . . . , and thus did not discuss the effects
of substance abuse.  His opinion also is inconsistent with the medical record
as a whole, which shows relatively intact daily activities.  The undersigned
gives his opinion little weight.

AR 32-33.  Although plaintiff discusses Dr. Gibson's opinion in his opening brief, he does not

actually assert a basis for finding fault with the ALJ's evaluation thereof, and thus he has waived

this issue.  See Carmickle, 533 F.3d at 1161 n.2; Paladin Associates, 328 F.3d at 1164; Kim, 154

F.3d at 1000.  In addition, as with Dr. Eather's conclusions, the ALJ did not err in discounting

the opinion of Dr. Gibson on the basis that it relied on plaintiff's "erroneous report" of sobriety.

Accordingly, here too the ALJ did not err.  Thus, because plaintiff has failed to show the ALJ

erred overall in his evaluation of the medical opinion evidence in the record, he has not shown

there is any basis for overturning the ALJ's adverse disability determination.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded

plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 2nd day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9